IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal No. 21-426 |
| | ) | |
| DONALD KEITH NICKLO, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the court is a motion to reduce sentence (ECF No. 62) filed pro se by defendant Donald Keith Nicklo ("Nicklo"). Nicklo's letter was forwarded to the federal public defender's office, who filed a motion on his behalf (ECF No. 65) as well. The government filed a response, opposing the motions. (ECF No. 67). The motions are ripe for disposition.

On June 29, 2023, Nicklo pleaded guilty to: (1) possession of a firearm and ammunition by a convicted felon on March 21, 2021, in violation of 18 U.S.C. § 922(g)(1) and § 924(e), ("count one"); and (2) possession with intent to distribute a quantity of cocaine on March 21, 2021, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C), ("count two").

The guilty pleas were entered pursuant to a Rule 11(c)(1)(C) plea agreement.[1] As relevant to the pending motion, Nicklo agreed in the plea agreement NOT to file such a motion:

> Defendant agrees that he will not file a motion seeking relief under 18
> U.S.C. § 3582(c)(2) if the Sentencing Guidelines are subsequently lowered
> by the Sentencing Commission.

Plea Agreement ¶ C(6). Nicklo also agreed that the appropriate sentence in this case was a term

---

[1] The plea agreement also resolved Nicklo's supervised released violation at Crim. No. 15-267. Nicklo agreed that a prison term of 12 months, to run consecutive to the 60-month term of imprisonment imposed at Crim. No. 21-426, for a total of a 72-month term, was appropriate. This represented a downward variance from the guideline sentence of 15-21 months prison for the supervised release violation.

of imprisonment of 60-months, to be followed by a term of supervised release of 6 years. Plea Agreement ¶ C(6).[2]

In the Presentence Investigation Report ("PIR") (ECF No. 49), Nicklo's criminal convictions resulted in a criminal history score of 6. He committed the instant offense while under a supervised release sentence imposed by this court, at Crim. No. 2:15-cr-267. Two "status points," therefore, were added to his criminal history score, for a total criminal history score of 8, pursuant to U.S.S.G. § 4A1.1(d). According to U.S.S.G. Chapter 5, Part A, a criminal history score of 8 establishes a criminal history category of IV. At sentencing, the court adopted this calculation without objection from the parties. The court accepted the parties' plea agreement and imposed the sentence as stipulated by the parties.

Discussion

With respect to motions for sentence reductions, § 3582(c)(2) "establishes a two-step inquiry. A court must first determine that a reduction is consistent with Section 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in [18 U.S.C.] § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Prior to the enactment of Amendment 821, 2023 United States Sentencing Guideline App'x C, an offender was given 2 additional criminal history points—commonly referred to as "status points"—if he committed the underlying offense while under a criminal justice sentence. Pursuant to Amendment 821, an offender with 7 or more criminal history points receives only 1

---

[2] Nicklo obtained substantial benefits from the plea agreement, including that the government would not allege the defendant's three prior convictions for serious drug offenses were committed on occasions different from one another and seek the enhanced penalties under 18 U.S.C. § 924(e) as an Armed Career Criminal, eliminating a mandatory minimum sentence of 180 months' imprisonment.

status point and an offender with 6 or fewer criminal history points no longer receives any status points. U.S.S.G. § 4A1.1. If the defendant is still serving a term of imprisonment, Amendment 821 will retroactively apply. U.S.S.G. § 1B1.10.

Had Nicklo been sentenced after the amendment, he would not have received any "status points" for the committing the instant offense while under a criminal justice sentence. His criminal history score would have been 6, instead of 8, and his criminal history category would have been III, not IV. His sentencing guideline range would have been 57-71, rather than 70-87.[3]

The court will not apply Amendment 821 under the circumstances of this case. A plea bargain is a contract between the government and the defendant, where "[e]ach side agrees to certain charges or sentence calculations and gives up its right to take other positions." *United States v. Cruz*, 95 F.4th 106, 110 (3d Cir. 2024). One such position that Nicklo gave up, in exchange for the benefits of his plea agreement, was his right to seek relief under 18 U.S.C. § 3582(c)(2) if the sentencing guidelines were subsequently lowered by the sentencing commission. This very scenario was contemplated by Chief Justice Roberts in his dissenting opinion in *Hughes v. United States,* 584 U.S. 675 (2018): "The Government may well be able to limit the frustrating effects of today's decision in the long run. Going forward, it presumably can add a provision to every Type–C agreement in which the defendant agrees to waive any right to seek a sentence reduction following future Guidelines amendments." *Hughes*, 584 U.S. at 699 (Roberts, C.J. dissenting).

In short, the court will deny Nicklo's motion because he is bound by the plain language of his plea agreement, which prohibits him from filing this motion. *See e.g.*, *United States v.*

---

[3] The government recognizes (ECF No. 67 at 8) that Nicklo is eligible for a reduction under Amendment 821.

*Blystone*, No. CR 20-0220, 2024 WL 1141855, at *4 (W.D. Pa. Mar. 15, 2024); *United States v. Portis*, No. CR 21-372, 2024 WL 343085, at *1 (W.D. Pa. Jan. 30, 2024).  The court does not reach whether the § 3553 factors support a reduction.

Conclusion

The court commends the efforts defendant Nicklo has already made to successfully transition back into the community and encourages him to continue his efforts.  For the reasons set forth above, however, the motions to reduce sentence (ECF No. 62) filed pro se by defendant Donald Keith Nicklo, and by counsel on Nicklo's behalf (ECF No. 65), will be denied.

An appropriate order will be entered.

By the court,

Date:   October 3, 2024                         /s/ JOY FLOWERS CONTI
                                                Joy Flowers Conti
                                                Senior United States District Judge